## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

**MARY SOMERFIELD-MARTZ**  )
18646 Sagebrush Trail  )
Helendale, California 92342  )
  )
  )
       Plaintiff,  )
  )   05-0004996
v.  ) Civil Action No.
  ) Calendar No.
**MARRIOTT INTERNATIONAL, INC.**  ) Judge
10400 Fernwood Road  )
Bethesda, Maryland 20817  )
  )
**Serve On:**  )
Prentice-Hall Corporation System, Inc.  )
1090 Vermont Avenue, N.W.  )
Washington, D.C. 20005  )
  )
       Defendant.  )

### COMPLAINT

Plaintiff Mary Somerfield-Martz, through her counsel, sues Defendant Marriott International, Inc., and states as follows:

### I. STATEMENT OF JURISDICTION AND VENUE

1.     Jurisdiction and venue are conferred upon this Court under Title 11, § 921 of the District of Columbia Code, because the incident complained of, and the resulting injuries occurred in the District of Columbia.

### II. PARTIES

2.     Plaintiff Mary Somerfield-Martz is a resident of the State of California.

3.     At all relevant times, Defendant Marriott International, Inc. was a multinational hotel corporation with its principal place of business in Maryland, and which owned or managed



and operated the Marriott Wardman Park Hotel at 2660 Woodley Road, N.W., Washington, DC 20008.

4. At all relevant times, Defendant had exclusive control of the elevators in the Marriott Wardman Park Hotel, and was under a duty to operate the elevators in a reasonably safe manner.

### III. STATEMENT OF FACTS

5. The passenger elevators in the Marriott Wardman Park Hotel ("the Elevator(s)") can be set to function either automatically or manually.

6. When an elevator is set to a manual setting, it requires an elevator operator in order to perform the intended function of carrying passengers to and from different floors.

7. Upon information and belief, an elevator's manual setting disables the safety door edge, light sensor, and/or infrared ray, one or all of which would otherwise automatically reopen closing doors that encounter a person or other obstruction.

8. When an elevator is set to the manual setting, because the automatic safety features are deactivated, a human elevator operator assumes the duty of ensuring that the elevator functions safely.

9. Upon information and belief, on October 22, 2002, the Marriott Wardman Park Hotel was running some or all of the Elevators on a manual setting, with the necessary elevator operators controlling such elevators.

10. In the afternoon of October 22, 2002, Plaintiff was a lawful business invitee of the Marriott Wardman Park Hotel.

11. In the afternoon of October 22, 2002, Plaintiff approached the Elevators and pressed the button to call an elevator.

2

12. When the doors for one of the Elevators opened, Plaintiff attempted to board that Elevator. While boarding, the doors suddenly closed upon Plaintiff, slamming into her left shoulder and causing her to suffer severe injuries.

13. Upon information and belief, the Elevator Plaintiff attempted to board was set to function manually.

## IV. COUNT ONE - NEGLIGENCE

14. Plaintiff incorporates the preceding paragraphs by this reference.

15. Defendant had a duty to ensure that the Elevator was reasonably safe for all persons entering and exiting the Elevator, including but not limited to, the Plaintiff.

16. Defendant, by and through its agents, servants, and/or employees acting within the course and scope of their employment, negligently, carelessly, and/or recklessly breached this duty, and thereby caused the aforesaid occurrence and all resulting injuries and damages. Defendant failed to:

    (a) ensure that all passengers, including Plaintiff, had either completely entered or exited the Elevator car before closing the doors;

    (b) take adequate and proper steps to ensure the safety of the Elevator passengers;

    (c) warn Plaintiff and all others lawfully upon the premises of the extant dangerous and hazardous conditions; i.e. having the automatic safety devices turned off; and

    (d) properly and adequately hire, supervise, train and/or control its agents, servants, and/or employees to ensure that proper and safe means and methods were used in the operation of the Elevators;

    (e) otherwise use due care under the circumstances.

17. As a direct and proximate result of the Defendant's negligence, Plaintiff Mary Somerfield-Martz sustained serious and permanent injuries, including but not limited to, her left shoulder, back, neck, and left arm; she has incurred and will continue to incur medical and hospital expenses in an effort to care for her injuries; she has suffered lost income and impairment of her earning capacity; she has suffered and will suffer great pain of mind and body; and she has been damaged in other ways.

18. At all relevant times, Plaintiff Mary Somerfield-Martz was acting in a careful and prudent manner without any negligence on her part contributing to her injuries.

19. At all relevant times, Plaintiff Mary Somerfield-Martz did not assume the risk of her injuries.

WHEREFORE, Plaintiff Mary Somerfield-Martz demands judgment against defendant Marriott International, Incorporated in the amount of one million dollars ($1,000,000), together with interest, costs, attorneys' fees, and such other damages as may properly be awarded by this Court.

Respectfully submitted,

_____
Eric N. Stravitz        #438093

_____
John B. Mesirow        #435651

MESIROW & STRAVITZ, PLLC
2000 Massachusetts Avenue, NW
Suite 200
Washington, DC 20036
(202) 463-0303

Counsel for Plaintiff

4

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as to all issues of fact in this matter.

_____
Eric N. Stravitz

_____
John B. Mesirow

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

MARY SOMERFIELD MARTZ

    Plaintiff,

v.

MARRIOTT INTERNATIONAL, INC.

    Defendant.

Civil Action No. 05-CA4996
Calendar 8
Judge Anna Blackburne-Rigsby
Next Event: Initial Conference
October 14, 2005 @ 9:30 a.m.

## DEFENDANT MARRIOTT INTERNATIONAL, INC,'S
## ANSWER AND GROUNDS OF DEFENSE

COMES NOW, the defendant, Marriott International, Inc., by counsel, and for its Answer and Grounds of Defense to the Complaint, states the following:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In response to the specific allegations contained in the Complaint, the defendant asserts the following:

1.    The allegations contained in paragraph no. 1 are denied.

2.    The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph no. 2.

3.    The allegations contained in paragraph no. 3 that Marriott International, Inc. has its principal place of business in Maryland, are admitted. It is

denied that Marriott International, Inc. was the owner of the property located at 2660 Woodley Road, N.W., Washington. D.C.

4. The allegations contained in paragraph no. 4 are denied.

5. The allegation contained in paragraph no. 5 that the passenger elevators can be operated manually is admitted.

6. The allegations contained in paragraph no. 6 are admitted.

7. The allegations contained in paragraph no. 7 are denied.

8. The allegations contained in paragraph no. 8 state a conclusion of law and, as such, no response is required. To the extent that a response is required, the allegations are denied.

9. The allegation contained in paragraph no. 9 that the elevator was on a manual setting with an operator in control is admitted.

10. The defendant is without knowledge as to the truth of falsity of the allegations contained in paragraph no. 10.

11. The allegations contained in paragraph no. 11 are denied.

12. The allegations contained in paragraph no. 12 are denied.

13. The allegation contained in paragraph no. 13 that the elevator was being manually operated is admitted.

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
P.O. BOX 22 • FAIRFAX, VIRGINIA 22038-0022 • (703) 385-1000 • FAX (703) 385-1555

## Count I

14. In response to the allegations contained in paragraph no. 14, the defendant incorporates its responses to the allegations contained in paragraph nos. 1 through 13.

15. The allegations contained in paragraph no. 15 state a conclusion of law and, as such, do not require a response. To the extent a response is required, the allegations are denied.

16. The allegations contained in paragraph no. 16 are denied, including all sub-parts to paragraph no. 16.

17. The allegations contained in paragraph no. 17 are denied.

18. The allegations contained in paragraph no. 18 are denied.

19. The allegations contained in paragraph no. 19 are denied.

20. Any allegation not specifically admitted is hereby denied.

### THIRD DEFENSE

The defendant intends to rely on all defenses available at law as the facts of this case may show, including the defenses of assumption of the risk, and contributory negligence.

### FOURTH DEFENSE

The plaintiff's claims are barred by the doctrine of misuse.

### FIFTH DEFENSE

The plaintiff's claims are time-barred.

### SIXTH DEFENSE

The plaintiff was not injured in the manner and to the extent alleged.

### SEVENTH DEFENSE

The defendant reserves the right to assert all other defenses available at law as the facts of this case may show.

WHEREFORE, the defendant prays for entry of judgment against the plaintiff, and in favor of the defendant, along with costs, interest and attorney's fees, and such other relief as the Court may deem appropriate.

### DEMAND FOR JURY TRIAL

The defendant demands a jury trial on all issues.

Respectfully submitted,

MARRIOTT INTERNATIONAL, INC.
By Counsel

TRICHILO, BANCROFT, McGAVIN,
HORVATH & JUDKINS, P.C

_____
Stephen A. Horvath, Esquire
D.C. Bar No. 417137
3920 University Drive
Fairfax, Virginia 22030
Phone: (703) 385-1000;
Fax: (703) 385-1555
*Counsel for Marriott International, Inc.*

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Answer and Grounds of Defense** was served by mail, first class, postage prepaid on the 21st day of July, 2005 to:

> Eric N. Stravitz, Esquire
> Mesirow & Stravitz, PLLC
> 2000 Massachusetts Avenue, N.W.
> Suite 200
> Washington, D.C. 20036
> *Counsel for Plaintiff*

_____
Stephen A. Horvath

5