**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
(Civil Division)

| | |
|---|---|
| **MARY SOMERFIELD-MARTZ** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 1:05CV01473 |
| ) | Judge John D. Bates |
| **MARRIOTT INTERNATIONAL, INC.** ) | |
| ) | |
| Defendant. ) | |

**JOINT STATEMENT OF PARTIES' LCvR 16.3 PLANNING CONFERENCE**

In accordance with Fed.R.Civ.P. 26(f) and LCvR 16.3(a), a conference was held on September 20, 2005. The participants were:

| | |
|---|---|
| Eric N. Stravitz, Esq. | Stephen A. Horvath, Esq. |
| Mesirow & Stravitz, PLLC | Trichilo, Bancroft, McGavin, Horvath |
| 2000 Massachusetts Avenue, NW | & Judkins, P.C. |
| Suite 200 | 3920 University Drive |
| Washington, DC 20036 | Fairfax, Virginia 22030 |
| (202) 463-0303 | (703) 385-1000 |
| Fax: (202) 861-8858 | Fax: (703) 385-1555 |
| Email: strav@erols.com | shorvath@vadctriallaw.com |
| Counsel for Plaintiff, | Counsel for Defendant, |
| Mary Somerfield-Martz | Marriott International, Inc. |

**I. Statement of the Case**

*A.    Facts, Claims and Defenses*

This matter arises from an incident that allegedly occurred on October 22, 2002. The Plaintiff alleges that she was caught in the door of an elevator at the Marriott Wardman Park Hotel, and as a result, suffered injuries to her left shoulder. She is making a claim for costs, damages, loss of income, impairment of earning capacity, and pain and suffering. The plaintiff

alleges that there was a defective condition at the Marriott Wardman Park Hotel, and further alleges that there was negligence on the part of the defendant.

The Marriott Wardman Park Hotel denies any negligence, and denies that there is a negligent condition. It further denies that the plaintiff was injured in the manner and to the extent alleged, and alleges that the claims may be time-barred.

    B. *Jurisdiction*

This case was removed from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia after a Notice of Removal was timely filed under 28 U.S.C. § 1446. This Court has jurisdiction under 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, and the parties meet the diversity of citizenship requirement.

**II. Matters Discussed by the Parties as required by LCvR 16.3**

    A. *Whether the case is likely to be disposed of by dispositive motion.*

At this time, the parties do not think it likely that this case will be disposed of by dispositive motion. Nonetheless, the parties reserve the right to file such motions.

    B. *Date by which other parties shall be joined or the pleadings amended.*

The parties anticipate that additional discovery will be necessary before decisions can be made as to whether additional parties should be joined, and seek until December 13, 2005.

    C. *Whether the case should be assigned to a magistrate judge.*

The parties consent to having this case assigned to a Magistrate Judge only for the purpose of discovery, and do not consent for any other purpose.

  D. *Whether there is a realistic possibility of settlement.*

The parties agree that there is no possibility of prompt settlement of this case. The parties do not have enough knowledge and information to determine if there is a possibility of settlement at a later date.

  E. *Whether the case could benefit from the Court's ADR.*

As stated in the proposed settling order below, the parties suggest that mediation take place after discovery has been completed.

  F. *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions oppositions, and replies and proposed dates for a decision on the motions.*

It is premature to state whether dispositive motions would be appropriate. The parties' proposed scheduling order is below.

  G. *Whether the parties should stipulate to dispense with the requirements of Rule 26(a)(1), F. R. Civ. P.*

The parties agree to dispense with the initial disclosures required by Rule 26(a)(1) F. R. Civ. P.

  H. *The anticipated extent of discovery and a proposed schedule for discovery.*

The parties' proposed scheduling order is below.

  I. *Whether the requirements of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F. R. Civ. P., should be modified, and whether and when depositions of experts should occur.*

The Parties agree to modify the requirements of Rule 26(a)(2), F. R. Civ. P. and agree that the requirements of Rule 26 (a) (2) (B) shall only apply to liability experts, and shall not apply to medical damages experts. The parties' proposed scheduling order is below.

  J. *How to deal with Rule 23 in a class action proceeding.*

Not applicable.

  K. *Whether the trial and/or discovery should be bifurcated.*

The parties do not believe that bifurcation would be worthwhile.

  L. *The date for the pretrial conference.*

Parties proposed scheduling order is below.

  M. *Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

The parties request that the Court set a trial date at the pretrial conference.

  N. *Other matters that the parties believe may be appropriate for inclusion in the scheduling order.*

The parties proposed Scheduling Order is below.

## III. Proposed Scheduling Order

| | |
|---|---|
| Plaintiff's experts disclosed under Rule 26(a)(2) | 12/14/05 |
| Defendant's experts disclosed | 02/13/06 |
| Plaintiff's rebuttal experts disclosed | 03/14/06 |
| Discovery closes | 04/13/06 |
| ADR Settlement Discussions | after discovery dates |
| Deadline for filing all dispositive motions | 04/27/06 |
| Deadline for decision on dispositive motions | 05/27/06 |

Pretrial Conference: 30 days after the Court decides all dispositive motions

Trial Date: To be determined

          Respectfully submitted,

| /s/ | /s/ |
|---|---|
| Eric N. Stravitz, Esquire | Stephen A. Horvath, Esq. |
| Mesirow & Stravitz, PLLC | Trichilo, Bancroft, McGavin, Horvath |
| 2000 Massachusetts Avenue, NW | & Judkins, P.C. |
| Suite 200 | 3920 University Drive |
| Washington, DC 20036 | Fairfax, Virginia 22030 |
| (202) 463-0303 | (703) 385-1000 |
| Fax: (202) 861-8858 | Fax: (703) 385-1555 |
| Email: strav@erols.com | Email: shorvath@vadctriallaw.com |
| Counsel for Plaintiff, | Counsel for Defendant, |
| Mary Somerfield-Martz | Marriott International, Inc. |

Date:   9/27/05